IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**FFB, LLC,**

      **Plaintiff,**

v.                                           Civil Action No. 2:24-cv-000004

**VACATIA, INC.,**

      **Defendant.**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT I OF COUNTERCLAIM

Plaintiff and Counterclaim Defendant, FFB, LLC ("FFB"), states as follows in support of its Motion to Dismiss Count I of the Counterclaim[1] filed by Vacatia, Inc. ("Vacatia"):

**I.   INTRODUCTION**

In Count I of its Counterclaim, Vacatia claims that it is entitled to at least $2,000,000 back (on its $13,000,000 purchase of FFB's timeshare companies) because FFB had a "practice" of failing to record releases of satisfied deeds of trust on timeshare properties (defined by Vacatia as the "Deeds of Trust Issue"), and that the Deeds of Trust Issue "materially reduces the market value of the Acquired Entities at the time the Purchase Agreement was entered." Countercl. ¶ 64. Specifically, Vacatia alleges that FFB breached several representations and warranties contained in Article II of the Purchase Agreement. However, the Purchase Agreement (in Section 8.9) provides an *exclusive* remedy for alleged breaches of Article II of the Purchase Agreement:

---

[1] A motion to dismiss some, but not all, counts of a complaint (or counterclaim) tolls the time for a responsive pleading to the whole complaint (or counterclaim). *See Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Harrington v. Sprint Nextel Corp.*, 2008 U.S. Dist. LEXIS 42071, at *12 (E.D. Va. May 29, 2008); *Justice v. Dimon*, 2011 U.S. Dist. LEXIS 60127, at *5 (W.D.N.C. June 6, 2011); *Saman v. LBDP, Inc.*, 2012 U.S. Dist. LEXIS 159658, at *10, n.1 (D. Md. Nov. 7, 2012).

indemnification in accordance with Article VIII of the Purchase Agreement. Instead of an indemnity claim in accordance with Article VIII, Vacatia pleads a damages claim barred by the plain terms of the Purchase Agreement. Vacatia has not alleged that it has suffered any Losses[2] relating to the Deeds of Trust Issue and has not alleged any claim to indemnification (its sole remedy). As a result, its claim for damages is barred by Section 8.9 of the Purchase Agreement. Vacatia is entitled only to indemnity from actual Losses, not damages for an alleged loss of value. Count I of the Counterclaim should be dismissed.

## II.   BACKGROUND

Vacatia and FFB are parties to the Equity Interests Purchase Agreement attached to the First Amended Complaint as Exhibit A ("Purchase Agreement"). Countercl. ¶ 1. Pursuant to the Purchase Agreement, Vacatia paid FFB over $13 million to acquire certain companies ("Acquired Entities") involved in the time-share industry. *Id.* "The Purchase Agreement contains representations and warranties about the liabilities of the Acquired Entities and their material compliance with all laws." *Id.* ¶ 2.

Vacatia alleges that FFB's representations were inaccurate and its warranties were breached because FFB had a "business practice for the Acquired Entities of intentionally not complying with their obligations to execute, issue, and/or record certificates of satisfaction for deeds of trust (or otherwise releasing such deeds) once the underlying debt was satisfied ('Deeds of Trust Issue')." *Id.* ¶ 2; ¶¶ 42, 43, 47, 53, 56, 57, 63. Vacatia alleges that had it "known about the Deeds of Trust Issue beforehand, it would have paid a materially lower amount (at least $2 million less) for the transaction." *Id.* ¶ 2.

Vacatia does not allege that it has suffered any particular loss or been subject to any

---

[2] All capitalize otherwise undefined terms have the meaning ascribed to them in the Purchase Agreement.

particular claim, liability, fine, or penalty related to the Deeds of Trust Issue. Based on the Deeds of Trust Issue, Vacatia alleges that it is entitled to $2,000,000 plus in damages. *Id.* ¶ 66. Vacatia claims that if it had known about the Deed of Trust Issue beforehand, it would have "paid at least $2 million less for the transaction." *Id.* ¶ 65.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Iqbal* review requires two steps. First, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, once the Court has rejected "bare assertions" that amount to nothing more than a "formulaic recitation of the elements," *Twombly*, 550 U.S. at 546, the Court must conduct a "context-specific analysis" of the remaining allegations, drawing on "judicial experience and common sense" to determine whether such allegations "produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (internal quotations omitted).

"[W]here the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6)." *Dragulescu v. Virginia Union Univ.*, 223 F. Supp. 3d 499, 507 (E.D. Va. 2016) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

**IV.     ARGUMENT**

Because Vacatia seeks a remedy other than indemnification under Article VIII of the Purchase Agreement for an alleged breach of representations and warranties, and because the Parties agreed that the sole remedy for an alleged breach of representations and warranties was indemnification under Article VIII of the Purchase Agreement, Vacatia's claim in Count I of the Counterclaim fails. It is barred by Section 8.9.

"[P]arties to a contract may provide the remedy that will be available to them in case a breach occurs so long as the remedy provided is not contrary to the law or against public policy."[3] *Bender-Miller Co. v. Thomwood Farms, Inc.*, 211 Va. 585, 588 (1971); *see, e.g.*, *Galdamez v. I.Q. Data Int'l, Inc.*, 170 F. Supp. 3d 890, 896 (E.D. Va. 2016) (holding that landlord remedies in lease were exclusive based on plain language of lease); *Howie v. Atl. Home Inspection, Inc.*, 62 Va. Cir. 164, 174 (Norfolk 2003) (enforcing contract provision limiting remedy to refund of cost of services).

Under Virginia law, "[w]hen the terms of a contract are clear and unambiguous, the terms will be given their plain and ordinary meaning." *Marina Shores, Ltd. v. Cohn–Phillips, Ltd.*, 435 S.E.2d 136, 138 (Va. 1993) (citing *Marriott Corp. v. Combined Properties*, 391 S.E.2d 313, 316 (Va. 1990)). Here, in Section 8.9(a) of the Purchase Agreement, the parties agreed that, barring certain inapplicable exceptions:[4]

> the ***sole and exclusive remedy*** for ***all*** claims, whether in contract, tort, statutory claim or otherwise, resulting from, ***arising out of***, relating to, in the nature of, or caused by any breach or inaccuracy, or ***alleged breach or inaccuracy, of any***

---

[3] The Purchase Agreement is governed by Virginia law. *See* Purchase Agreement § 9.9.

[4] In the Counterclaim, Vacatia has not pled any of the exceptions listed in Section 8.9(a) of the Purchase Agreement. Not does FFB believe Vacatia has facts to allege any of the exceptions. The exceptions in Section 8.9(a) include "actual fraud, criminal activity, or willful misconduct" and "claims for specific performance or injunctive relief." With none of the exceptions pled, the sole and exclusive remedy available to Vacatia is indemnification under Article VIII of the Purchase Agreement.

> *representation, warranty* or covenant contained in this Agreement or any certificate delivered hereunder ***shall be indemnification in accordance with this Article 8***.

(ECF No. 1-1, at 40) (emphasis added). Article VIII requires FFB to indemnify Vacatia "from and against any and all Losses that constitute, or arise out of, are attributable or incidental to, or are in connection with: . . . any inaccuracy in or misrepresentation or breach of warranty on the part of Seller Group . . . ." § 8.1(a)(1) (ECF No. 1-1, at 35). "'Losses' means any and all liabilities, obligations, claims, contingencies, Taxes, fines, deficiencies, demands, assessments, losses, damages (including incidental and consequential damages), costs and expenses, including, without limitation, all corrective and remedial actions, all court costs and reasonable attorneys' fees, and all reasonable amounts paid in investigation, defense, or settlement of the foregoing." (ECF No. 1-1, at 57-58).

In Count I of the Counterclaim, Vacatia alleges that FFB breached various provisions in Article II of the Purchase Agreement because FFB knew about the Deed of Trust Issue but did not disclose it. Countercl. ¶¶ 42, 48-49, 52, 54, 58. Each of the clauses that Vacatia claims was breached by FFB – Sections 2.1, 2.8, and 2.36 – are set forth in Article II of the Purchase Agreement entitled "Representations, Warranties and Covenants of Seller Group." Article II (ECF No. 1-1, at 5-21).

In Count I of the Counterclaim, Vacatia does not allege a claim for indemnity for Losses under Article VIII. Indeed, Vacatia alleges no Losses at all in the Counterclaim. Instead, Vacatia seeks $2,000,000 in damages which "pertain to the difference in value for the transaction, had Vacatia known about the Deeds of Trust Issue before entering the Purchase Agreement . . . ." Countercl. ¶ 64, n.4 (ECF No. 11, at 10). Based on Section 8.9(a), Vacatia's *sole* remedy for the claims it alleges is indemnity from actual Losses, not damages for an alleged loss of value. The

5

relief Vacatia seeks in Count I of the Counterclaim is barred by the exclusivity of Section 8.9. As a result, the Court should dismiss Count I of the Counterclaim.

## V. CONCLUSION

Based on the foregoing, the Court should dismiss Count I of Vacatia's Counterclaim

**FFB, LLC**

By: */s/ Kristan B. Burch*
Kristan B. Burch (VSB No. 42640)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 1900
Norfolk, VA 23510
Phone: (757) 624-3000
Fax: (888) 360-9092
Email: kbburch@kaufcan.com
Email: cjbelote@kaufcan.com
*Counsel for FFB, LLC*

22249514.